HARRIS

ST. LAURENT

WECHSLER

**APPLICATION GRANTED**
**SO ORDERED**

John G. Koeltl, U.S.D.J.

10/15/24

October 11, 2024

**VIA ECF**
Hon. John G. Koeltl
U.S. District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Authentic Brands Group, LLC, et al. v. The Arena Group Holdings, Inc. et al.*
   **Case No. 24-02432 (JGK)**

Your Honor:

   We represent Defendant, Counterclaimant, and Third-Party Plaintiff The Arena Group Holdings, Inc. ("Arena") in the above-referenced matter. Pursuant to Rules I.F and VI.A.2 of Your Honor's Individual Practices, we respectfully request the Court's permission to file in redacted form the attached Publisher Partner[1] Agreement (the "Agreement," attached hereto as Exhibit A), as an exhibit to Arena's opposition(s) to motions to dismiss, which will be filed on October 15, 2024. As discussed in more detail below the Agreement contains confidential, trade secret, and proprietary business terms, which are the proper subject of a redaction request.

   D. Brandon Trice, Counsel for Plaintiffs and Counter Defendants ABG[2] represented that ABG consents to the filing of these materials under seal, pending resolution of Arena's letter motion to seal, without waiving any of its arguments on the merits, including that the materials are not trade secrets, and on the understanding that Arena will not rely on any redacted provisions in connection with ABG's motion to dismiss Arena's counterclaims (the "Understanding"). Similarly, Adam Farbianz, Counsel for Third-Party Defendant Minute, similarly represented that Minute consents to this request reserving its rights on the merits, including its right to argue that any materials are not trade secrets, and subject to the same Understanding.

---

   [1] "Publisher Partners" are third-party, local sportswriters and content creators who entered into confidential agreements with Arena to publish their content on Arena's platform via unique landing pages with geographic or team descriptors, referred to as "channels." *See* ECF 25 at 11 (¶ 39).

   [2] The term "ABG" includes Plaintiffs and Counter Defendants Authentic Brands Group, LLC, ABG-SI LLC, and ABG Intermediate Holdings 2 LLC. The term "Minute" includes Third-Party Defendant Sportority Inc. d/b/a Minute Media.

Case 1:24-cv-02432-JGK   Document 71   Filed 10/11/24   Page 2 of 3

Page 2 of 3
October 11, 2024

 Arena seeks to file the Agreement under seal or in redacted form because it contains confidential, proprietary, and trade secret business terms which Arena offers its third-party content creators to achieve a competitive advantage. While a judicial document has a "common law of presumption of access," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), that presumption of public access is "not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "[T]he court must balance any 'competing considerations' against the weight of the presumption of access. *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, No. 1:18-cv-00549 (BKS/CFH), 2019 WL 2918026, at *2 (N.D.N.Y June 18, 2019) (citation omitted). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (citation omitted). "[J]udicial documents may be kept under seal if 'higher values' ... so demand," *Lugosch*, 435 F.3d at 124, and if such sealing order is "narrowly tailored." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).

 The document that Arena seeks to file in redacted form is an agreement between Arena and one of its Publisher Partners which contains trade secrets and proprietary business information including the business identity of the Publisher Partner, and unique business terms related to revenue sharing, payment, URL strategy, and traffic assignment. These categories of information are commonly permitted to be filed under seal or redaction. *See Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing *trade secrets*, confidential research and development information, marketing plans, *revenue information, pricing information*, and the like.") (emphasis added); *Henessey Food Consulting LLC, v. Prinova Solutions, LLC*, No. 5:20-cv-0806 (TWD), 2024 WL 4291312, at *16 (N.D.N.Y. Sept. 24, 2024) (granting motion to file under seal documents that "contain proprietary business information, including businesses' financial information, plans, research and development information, and other trade secret information"). These categories of information are also the subject of substantive arguments concerning trade secret and confidentiality status in Arena's forthcoming opposition papers. Thus, "irrespective of the materials' status as judicial documents, because issues of fact remain as to whether the information at issue are trade secrets, the presumption of access is outweighed." *Id* at 17.

 Public disclosure of the document at issue would place Arena at a "competitive disadvantage" by revealing unique business term contained therein, which Arena has invested significant time, effort, and resources in developing and implementing. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). This court has previously recognized that the protection of business interests constitutes a valid basis for sealing documents. *See Playtex Products, LLC v. Munchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 WL 1276450, at *12 (S.D.N.Y. March 29, 2016) (granting sealing request for references to confidential and sensitive business information in the summary judgment briefing); *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y. 1998) (court found that disclosure of "confidential business information" "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

 Lastly, the requested redactions are narrowly tailored to only portions of the Agreement that relate to the identity of a Publisher Partner and confidential business terms.

Page 3 of 3
October 11, 2024

     For the foregoing reasons, Arena respectfully requests that the Court grant Arena's motion and permit Arena to file the Agreement in redacted form. We appreciate the Court's consideration and are available to address this request further, at the Court's convenience if necessary.

Respectfully submitted,

*/s/ Yonaton Aronoff*

Yonaton Aronoff