

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

February 11, 2025

**BY CM/ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

          Re:   *Authentic Brands Group, LLC, et al. v. The Arena Group Holdings, Inc., et al.*, 24 Civ. 2432 (JGK) (GS)

Dear Judge Koeltl:

      We write on behalf of Plaintiffs-Counterclaim Defendants Authentic Brands Group, LLC, ABG-SI LLC, and ABG Intermediate Holdings 2 LLC (collectively, "ABG") to inform the Court of a new decision from the Second Circuit that bears on the choice-of-law analysis governing Defendant Manoj Bhargava's motion to dismiss ABG's veil-piercing allegations. *Citibank, N.A. v. One57 36B, LLC, et al.*, No. 24-423, 2025 WL 289499 (2d Cir. Jan. 24, 2025) (summary order) ("Op.") (copy attached).

      In *Citibank*, the Second Circuit affirmed an opinion by Judge Rochon stating that New York's choice-of-law principles require a court, when assessing veil-piercing allegations, to apply the law of the jurisdiction having the greatest interest in the litigation. *See* ABG Opp. to Bhargava Mot. to Dismiss, ECF 76 at 11-12 (citing *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, 22 Civ. 8842, 2024 WL 398094, at *10 (S.D.N.Y. Feb. 2, 2024) (Rochon, J.)). The Second Circuit noted that, as a result, any presumption in favor of the state of incorporation can be rebutted "by showing that the transaction at issue has a more significant relationship with another jurisdiction," Op. at 5 (quoting *In re Bernard L. Madoff Inv. Sec. LLC*, 583 B.R. 829, 845 (Bankr. S.D.N.Y. 2018)), and affirmed the trial court's decision that New York law applied, *id.* at 5-6.

2

                                      Respectfully submitted,

                                      Roberta A. Kaplan

cc:     Counsel of Record (via ECF)